WHITE WATER VALLEY CANAL COMPANY *v.* FERRIS.

The general internal improvement act of 1836 is in force so far as it is unchanged by subsequent legislation; and, by that act, claims for damages to lands by the construction of public improvements, must be made in two years after the appropriation of the land or damage done, and not afterwards.

APPEAL from the *Franklin* Circuit Court.

PERKINS, J.—*John Ferris* made an application to the *Franklin* Circuit Court for a *mandamus* to the *White Water Valley Canal Company*, requiring the appointment, by said company, of an appraiser to assess damages occasioned to said *Ferris* by the construction of the canal of said company through his land. Notice of the intended application had been previously given to the company.

*[margin: Nov. Term, 1850. WHITE WATER VALLEY CANAL COMPANY v. FERRIS.]*

*[margin: Friday, November 29.]*

Nov. Term, 1850.

The parties appeared and argued the question, and the Court awarded an alternative *mandamus*. To that *mandamus* the company made return, and for cause against the issuing of a peremptory *mandamus*, showed that more than two years elapsed, after the appropriation of said land, before any application for compensation was made. To this return there was a demurrer, which the Court overruled; and thereupon awarded a peremptory *mandamus*.

The general internal improvement act of 1836 is in force so far as it is unchanged by subsequent legislation. R. S. p. 1023, s. 7. By that act claims for damages like the present must be made in two years and not afterwards. R. S. 1838, p. 345, s. 17. We think the canal company had a right to avail itself of this provision.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings in accordance with this opinion.

*J. S. Newman*, for the appellants.

*J. D. Howland*, for the appellee.